PER CURIAM.
 

 Appellant, the Florida Sheriffs Workers’ Compensation Self-Insurance Fund, appeals a Final Order of the Department of Financial Services (“Department”), wherein the Department denied Appellant’s applications for refund of the $6,638,301.35 that it had paid to the Special Disability Trust Fund (“SDTF”) between 2002, the year Appellant was formed, and 2008. Appellant raises an as-applied constitutional challenge to the SDTF assessment based upon its contention that it is ineligible for reimbursement from the fund given that reimbursement claims are limited to accidents occurring prior to January 1, 1998. We reject Appellant’s argument and affirm.
 

 As the hearing officer found in his recommended order, the SDTF is a fund designed to aid the return of workers with disabilities to the workplace “by reducing an employer’s insurance premium for reemploying an injured worker, to decrease litigation between earners on apportionment issues, and to protect employers from excess liability for compensation and medical expense ....”§ 440.49(1), Fla. Stat. The SDTF is maintained by annual assessments upon insurance companies writing compensation, assessable mutuals, and self-insurers. § 440.49(9)(b)l., Fla. Stat. The SDTF was designed to allow these entities to seek reimbursement for the costs arising from subsequent injuries to disabled employees. § 440.49(7), Fla. Stat.
 

 In 1997, the Legislature amended section 440.49 by limiting the claims eligible for reimbursement. Pursuant to the amendment, the SDTF does not reimburse employers or carriers for “any case in which the accident causing the subsequent injury or death or the disablement or death from a subsequent occupational disease occurred on or after January 1,1998.” § 440.49(11), Fla. Stat. The SDTF continues to reimburse employers or carriers for subsequent injuries occurring prior to January 1,1998.
 
 Id.
 
 Importantly, the Legislature provided, “[T]he department shall continue to assess for and the department or administrator shall fund reimbursements as provided in subsection (9) for this purpose.” In other words, all insurance
 
 *794
 
 companies writing compensation, assessable mutuals, and self-insurers are still required to pay the assessment regardless of whether they have pre-1998 reimbursement claims or whether they, like Appellant, were formed after 1998.
 

 The hearing officer found that a self-insurance fund or carrier may become eligible to make claims for reimbursement from the SDTF by assuming the obligations of another entity that has qualifying claims against the fund. He did not reach Appellant’s constitutional challenge but recommended that Appellant’s applications be denied based on section 440.49. The Department adopted the recommendation and denied relief.
 

 Appellant contends that because the SDTF assessment constitutes a special assessment and not a tax, we should analyze its constitutionality under
 
 City of Boca Raton v. State,
 
 595 So.2d 25 (Fla.1992). In
 
 City of Boca Raton,
 
 the supreme court held that a “special assessment” is valid if the property assessed derives a special benefit from the service provided and if the assessment is fairly and reasonably apportioned among the properties that receive the special benefit. 595 So.2d at 29. As Appellant’s counsel acknowledged during oral argument before this Court, this two-part test has not been applied to anything other than assessments imposed on real property. It is, therefore, inapplicable to our analysis in this case. We instead conclude that the SDTF assessment is more akin to the assessments at issue in
 
 Coy v. Florida Birth-Related Neurological Injury Compensation Plan,
 
 595 So.2d 943 (Fla.1992), and
 
 Agency for Health Care Administration v. Hameroff,
 
 816 So.2d 1145 (Fla. 1st DCA 2002), both of which were found to be constitutional under the rational basis test.
 

 In
 
 Coy,
 
 the supreme court approved this Court’s opinion declaring valid section 766.314, Florida Statutes, which imposed on all licensed physicians, not only obstetricians, a mandatory annual assessment of $250 to fund the Florida Birth-Related Neurological Injury Compensation Plan (“NICA”). 595 So.2d at 944. The physicians challenging the assessment argued that it was unconstitutional because they derived no benefit from it greater than did the general public.
 
 Id.
 
 at 944. In rejecting this argument, the supreme court characterized the assessment as a tax within the meaning of Florida law because it was levied upon physicians to support a governmental enterprise, i.e., a system for compensating certain individuals for certain types of birth-related injuries.
 
 Id.
 
 at 945. The court determined that there was a rational basis for the statutory assessment on all physicians even though they did not practice obstetrics because NICA insured the availability of obstetrical care to Florida citizens.
 
 Id.
 

 In
 
 Hamerojf,
 
 the appellees challenged the constitutionality of the Public Medical Assistance Trust Fund (“PMATF”) assessment, which was expanded in 1991 beyond hospitals to include ambulatory surgical centers, diagnostic-imaging centers, freestanding radiation therapy centers, and clinical laboratories. 816 So.2d at 1148. The appellees argued that because the funds accumulated in the PMATF were earmarked exclusively for reimbursing Medicaid inpatient hospital costs, they derived no benefit commensurate with the burden imposed by the assessment.
 
 Id.
 
 The trial court declared the statute unconstitutional.
 
 Id.
 
 In reversing, we took note of the legislative intent to improve access to medical care for indigent persons.
 
 Id.
 
 We also cited
 
 Coy’s
 
 discussion of the proper test for gauging the validity of a taxing statute.
 
 Id.
 
 at 1148. While we observed that the groups at issue bore a significant financial burden while receiving little to no direct benefit because of their
 
 *795
 
 ineligibility to receive proceeds from the PMATF, we found that it was conceivable that the Legislature extended the PMATF assessment to the groups in order to level the economic playing field and resolve a competitive or financial advantage.
 
 Id.
 
 at 1148-49.
 

 We find no merit in Appellant’s argument that
 
 Coy
 
 and
 
 Hameroff are
 
 not applicable in this case because the funds held in the SDTF do not constitute state funds pursuant to section 440.49(9). Like the funds in
 
 Coy
 
 and
 
 Hameroff,
 
 the continued operation of the SDTF serves an important public purpose. Even if Appellant has not directly benefitted from the SDTF, pre-1998 claims continue to be reimbursed as a result of post-1998 assessments, and the legislative intent behind the SDTF continues to be carried out with respect to those claims. The Legislature’s intent of ensuring the SDTF’s solvency by amending section 440.49 is also being furthered by Appellant’s annual payment into the fund.
 

 Accordingly, we hold that the SDTF assessment as applied to Appellant is constitutional and, therefore, AFFIRM.
 

 DAVIS, VAN NORTWICK, and ROWE, JJ., concur.